# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | |
|---|---|
| Demetrius Alexander Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 4:21-cv-3513-TMC |
| ) | |
| Lt. John Shirah; Nurse R. Edicott; ) | **ORDER** |
| Nurse Steele; Nurse Abraham; Nurse ) | |
| H. Joe; Nurse M. Davila; and Cpl. ) | |
| Gregg-Wright, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Demetrius Alexander Brown, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 2; 8). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 25, 2022, Plaintiff filed a motion for default judgment as to all Defendants. (ECF No. 38). On March 8, 2022, Defendants Lt. John Shirah and Cpl. Gregg-Wright filed a response in opposition to Plaintiff's motion. (ECF No. 39). Plaintiff filed his reply on March 17, 2022. (ECF No. 40).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Plaintiff's motion for default judgment. (ECF No. 50). The Report was mailed to Plaintiff at the address he had provided the court, (ECF No. 51), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 50-1), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not

mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

As the magistrate judge noted in his Report, Plaintiff's motion for default judgment is more accurately construed as a request for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, because "[a] judgment by default is appropriate only after an entry of default has been made in accordance with Rule 55(a)." (ECF No. 50 at 1). The magistrate judge correctly found that each defendant had filed a timely answer to Plaintiff's complaint. *See id*. at 1–2. Further, while it is possible that Plaintiff did not receive the Answers prior to the filing deadlines due to his transfer to a different detention center at the time, the magistrate judge properly concluded that, "[n]evertheless, the Answers were timely filed" such that Defendants "are not in default." *Id*. at 2. Thus, having thoroughly reviewed the Report and the record and, finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 50), which is incorporated herein by reference. Accordingly, the court **DENIES** Plaintiff's request for entry of default and motion for default judgment (ECF No. 38).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 8, 2022

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.