IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Demetrius Alexander Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:21-cv-03513-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Lt. John Shirah, Nurse R. Edicott, | ) | **ORDER** |
| Nurse Steele, Nurse Abraham, | ) | |
| Nurse H. Joe, Nurse M. Davila, | ) | |
| And Cpl. Gregg-Wright, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Demetrius Alexander Brown ("Brown"), a prisoner proceeding *pro se* and *in forma pauperis*, brought this action against Defendants pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 11). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Subsequently, Defendants Cpl. Gregg-Wright and Lt. John Shirah filed a joint motion for summary judgment (the "Gregg-Wright motion"). (ECF No. 52). The same day, Defendants Nurse Abraham, Nurse M. Davila, Nurse R. Edicott, Nurse H. Joe, and Nurse Steele filed a separate joint motion for summary judgment (the "Nurse motion"). (ECF No. 53). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of Defendants' motions and the possible consequences if Plaintiff failed to adequately respond thereto. (ECF No. 56). The *Roseboro* order was mailed to Plaintiff at the address he provided the court, (ECF No. 57), and has not been returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received the *Roseboro* order. Plaintiff filed a response in opposition to the Gregg-Wright motion (ECF No. 63) but did not file any response to the Nurse motion. Defendants Cpl. Gregg-Wright and Lt. Shirah filed a reply. (ECF No. 64).

1

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motions for summary judgment and dismiss the case in its entirety. (ECF No. 70). The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 71), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 70-1), but failed to do so. The time for Plaintiff to object to the Report has long since expired, and this matter is ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 70), which is incorporated herein by reference. Accordingly, Defendants' motions for summary judgment (ECF Nos. 52, 53) are **GRANTED**, and this case is dismissed in its entirety.

**IT IS SO ORDERED.**

**[Signature on next page]**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 27, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.